UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., | CASE NO.: |
| | JURY |
| Plaintiff, | |
| | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| STARBUCKS CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

Maxim Integrated Products, Inc. ("Maxim") hereby alleges for its Complaint against defendant Starbucks Corporation ("Starbucks") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## THE PARTIES

1. Plaintiff Maxim is a Delaware Corporation with a place of business at 120 San Gabriel Drive, Sunnyvale, California 94086.

2. Defendant Starbucks Corporation ("Starbucks") is a Washington Corporation with its principal place of business at 2401 Utah Avenue South, Suite 800, S-LA1, Seattle, Washington 98134.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Starbucks because Starbucks has transacted business in this District. Specifically, Starbucks has offered for sale, sold, and/or advertised its products and services in this District. Starbucks maintains numerous retail locations throughout this District. Thus, Starbucks has committed and continues to commit acts of patent infringement in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENTS

7. On August 17, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,940,510 ("the '510 Patent"), entitled "Transfer of Valuable Information Between a Secure Module and Another Module," to Stephen M. Curry, Donald W. Loomis, and Michael L. Bolan. A copy of the '510 Patent is attached to the Complaint as Exhibit A.

8. On September 7, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,949,880 ("the '880 Patent"), entitled "Transfer of Valuable Information Between a Secure Module and Another Module," to Stephen M. Curry, Donald W. Loomis, and Michael L. Bolan. A copy of the '880 Patent is attached to the Complaint as Exhibit B.

9. On August 15, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,105,013 ("the '013 Patent"), entitled "Method, Apparatus, System, and Firmware for Secure Transactions," to Stephen M. Curry, Donald W. Loomis, and Christopher W. Fox. A copy of the '013 Patent is attached to the Complaint as Exhibit C.

10. On May 22, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,237,095 ("the '095 Patent"), entitled "Apparatus for Transfer of Secure Information Between a Data Carrying Module and an Electronic Device," to Stephen M. Curry, Donald W. Loomis, and Christopher W. Fox. A copy of the '095 Patent is attached to the Complaint as Exhibit D.

11. Maxim is the owner of the '510, '880, '013, and '095 Patents (collectively, the "Asserted Patents").

## COUNT I
**(Infringement of the '510 Patent)**

12. Maxim incorporates and realleges paragraphs 1-11.

13. Starbucks directly infringes one or more claims of the '510 Patent (literally or under the doctrine of equivalents) by making, using, offering to sell, and/or selling products, devices, systems, and/or components of systems which embody the patented invention, including the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications. Infringement arises from the use of such applications to communicate with systems operated by or on behalf of Starbucks.

14. Starbucks induces its customers and other third parties to infringe one or more claims of the '510 Patent (literally or under the doctrine of equivalents) at least by providing the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications and instructions to use these applications. Customers and other third parties infringe by using such applications to communicate with systems operated by or on behalf of Starbucks. Starbucks knew and/or was willfully blind that the acts it induced constituted patent infringement.

15. Starbucks contributes to the infringement of the '510 patent by selling, offering to sell, importing, and/or supplying components of the claimed subject matter of the '510 patent, including providing the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications to customers. These applications are especially made and/or especially adapted for use in infringing the '510 patent and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

16. Starbucks had notice of the '510 Patent by no later than on or about August 3, 2011.

17. Starbucks has willfully infringed the '510 Patent.

18. Starbucks has committed these acts of infringement within the United States.

19. Starbucks has committed these acts of infringement without license or authorization.

20. Maxim has suffered damages as a result of Starbucks' infringement of the '510 Patent. In addition, Maxim will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Starbucks, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '510 Patent.

## COUNT II
**(Infringement of the '880 Patent)**

21. Maxim incorporates and realleges paragraphs 1-20.

22. Starbucks directly infringes one or more claims of the '880 Patent (literally or under the doctrine of equivalents) by using applications which embody the

patented invention, including the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications. Infringement arises from the use of such applications to communicate with systems operated by or on behalf of Starbucks. Infringement is either by Starbucks alone and/or in concert with customers or other third parties according to a common scheme or under the direction or control of Starbucks.

23. Starbucks induces its customers and other third parties to infringe one or more claims of the '880 Patent (literally or under the doctrine of equivalents) at least by providing the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications and instructions to use these applications. Customers and other third parties infringe by using such applications to communicate with systems operated by or on behalf of Starbucks. Starbucks knew and/or was willfully blind that the acts it induced constituted patent infringement.

24. Starbucks contributes to the infringement of the '880 patent by selling, offering to sell, importing, and/or supplying components of the claimed subject matter of the '880 patent, including providing the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications to customers. These applications are especially made and/or especially adapted for use in infringing the '880 patent and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

25. Starbucks had notice of the '880 Patent by no later than on or about August 3, 2011.

26. Starbucks has willfully infringed the '880 Patent.

27. Starbucks has committed these acts of infringement within the United States.

28. Starbucks has committed these acts of infringement without license or authorization.

29. Maxim has suffered damages as a result of Starbucks' infringement of the '880 Patent. In addition, Maxim will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Starbucks, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '880 Patent.

## COUNT III
### (Infringement of the '013 Patent)

30. Maxim incorporates and realleges paragraphs 1- 29.

31. Starbucks directly infringes one or more claims of the '013 Patent (literally or under the doctrine of equivalents) by making, using, offering to sell, and/or selling products, devices, systems, and/or components of systems which embody the patented invention, including the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications. Infringement arises when such applications are combined with a mobile device and/or from the use of such applications to communicate with systems operated by or on behalf of Starbucks.

32. Starbucks induces its customers and other third parties to infringe one or more claims of the '013 Patent (literally or under the doctrine of equivalents) at least by providing the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications and instructions to use these applications. Customers and other third parties infringe by combining such applications with a mobile device and/or using

such applications to communicate with systems operated by or on behalf of Starbucks. Starbucks knew and/or was willfully blind that the acts it induced constituted patent infringement.

33. Starbucks contributes to the infringement of the '013 patent by selling, offering to sell, importing, and/or supplying components of the claimed subject matter of the '013 patent, including providing the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications to customers. These applications are especially made and/or especially adapted for use in infringing the '013 patent and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

34. Starbucks had notice of the '013 Patent by no later than on or about August 3, 2011.

35. Starbucks has willfully infringed the '013 Patent.

36. Starbucks has committed these acts of infringement within the United States.

37. Starbucks has committed these acts of infringement without license or authorization.

38. Maxim has suffered damages as a result of Starbucks' infringement of the '013 Patent. In addition, Maxim will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Starbucks, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '013 Patent.

## COUNT IV
### (Infringement of the '095 Patent)

39. Maxim incorporates and realleges paragraphs 1-38.

40. Starbucks directly infringes one or more claims of the '095 Patent (literally or under the doctrine of equivalents) by making, using, offering to sell, and/or selling products, devices, systems, and/or components of systems which embody the patented invention, including the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications. Infringement arises when such applications are combined with a mobile device and/or from the use of such applications to communicate with systems operated by or on behalf of Starbucks.

41. Starbucks induces its customers and other third parties to infringe one or more claims of the '095 Patent (literally or under the doctrine of equivalents) at least by providing the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications and instructions to use these applications. Customers and other third parties infringe by combining such applications with a mobile device and/or using such applications to communicate with systems operated by or on behalf of Starbucks. Starbucks knew and/or was willfully blind that the acts it induced constituted patent infringement.

42. Starbucks contributes to the infringement of the '095 patent by selling, offering to sell, importing, and/or supplying components of the claimed subject matter of the '095 patent, including providing the "Starbucks Card Mobile," "Starbucks for iPhone," and "Starbucks for Android" applications to customers. These applications are especially made and/or especially adapted for use in infringing the '095 patent and are

not a staple article or commodity of commerce suitable for substantial noninfringing use.

43. Starbucks had notice of the '095 Patent by no later than on or about August 3, 2011.

44. Starbucks has willfully infringed the '095 Patent.

45. Starbucks has committed these acts of infringement within the United States.

46. Starbucks has committed these acts of infringement without license or authorization.

47. Maxim has suffered damages as a result of Starbucks' infringement of the '095 Patent. In addition, Maxim will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Starbucks, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '095 Patent.

## PRAYER FOR RELIEF

For the above reasons, Maxim respectfully requests that this Court grant the following relief in favor of Maxim and against Starbucks:

(a) A judgment in favor of Maxim that Starbucks has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the Asserted Patents;

(b) A permanent injunction enjoining Starbucks and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Starbucks, from

infringing the Asserted Patents;

(c) A judgment and order requiring Starbucks to pay Maxim its damages, costs, expenses, and pre-judgment and post-judgment interest for Starbucks' infringement of the Asserted Patents;

(d) An award of treble damages for Starbucks' willful infringement of the Asserted Patents;

(e) A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Maxim its reasonable attorney fees; and

(f) Any and all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Maxim demands a trial by jury of this action.

| | |
|---|---|
| Dated: January 6, 2012 | SPANGLER LAW P.C. |
| | By: /s/ Andrew W. Spangler |
| | Andrew W. Spangler<br>State Bar No. 24041960<br>Spangler Law PC<br>208 N. Green Street, Suite 300<br>Longview, Texas 75601<br>903-753-9300<br>Fax: 903-553-0403<br>Email: spangler@spanglerlawpc.com |
| | Attorneys for Plaintiff<br>Maxim Integrated Products, Inc. |
| | Of Counsel: |
| | James C. Otteson<br>Philip Marsh<br>Michael Nguyen<br>AGILITY IP LAW, LLP<br>149 Commonwealth Drive<br>Menlo Park, CA 94025 |
| | Michael North<br>NORTH WEBER & BAUGH LLP<br>2479 E. Bayshore Road, Suite 707<br>Palo Alto, CA 94303 |